IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MICHAEL JONES                                                                                    PLAINTIFF

v.                                                                                          NO: 3:18CV32-M

THE MAJESTIC STAR CASINO II, LLC                                                   DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on Defendant's *Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (3)*. The Court, having reviewed the motion, the parties' submissions, the complaint, and applicable authority, is now prepared to rule.

### Factual and Procedural Background

On February 11, 2015, Plaintiff, Michael Jones, rented a hotel room at the Majestic Star Casino located in Gary, Indiana (1 Buffington Harbor Dr., Gary, IN 46406). Upon stepping into the bathtub to shower, Plaintiff slipped on a bathmat causing him to fall and suffer injuries to his head from having struck the toilet and bathroom floor.

On March 31, 2017, Plaintiff initiated an action against Defendant, Majestic Star Casino II, LLC, in the Circuit Court of Cook County, Illinois. Defendant moved to dismiss the case on two grounds: (1) that the date stated on Plaintiff's complaint (April 2, 2017) as the date of incident was incorrect and a date *after* the filing of the complaint; and (2) that the two-year statute of limitations had expired forty-eight days prior to Plaintiff's filing of his complaint.

Plaintiff then filed a "Motion to Voluntary Non-suit". The Circuit Court of Cook County, Illinois granted Plaintiff's motion and granted him leave to re-file "within one year upon payment of Defendant's costs."

As of February 8, 2018, this action finds itself in the Northern District of Mississippi. Defendant now moves to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and improper venue. Because the Court finds that dismissal is proper pursuant to Rule 12(b)(1) it will not discuss a Rule 12(b)(2) or (3) dismissal.

## Standard of Review

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack" prior to any other attack. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). A Rule 12(b)(1) motion "allows a party to challenge the subject matter jurisdiction of the district court to hear a case." *Id.* If the court determines that it "lacks the statutory or constitutional power to adjudicate the case" then the court may properly dismiss the claim. *Home Builders Assn'n v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may base its consideration on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

In dealing with a Rule 12(b)(1) motion, the court must first determine whether the motion is a facial or factual attack. A "facial attack" is one premised solely on the complaint and requires the court "merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In contrast, a "factual attack" challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Whether the attack is facial

or factual, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161.

**Discussion**

In his complaint, Plaintiff alleges subject matter jurisdiction based on diversity of citizenship. Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the controversy is between citizens of different states. 28 U.S.C. § 1332(a). "'When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged'". *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. Am. Airlines, Inc.*, 511 f.2d 653, 654 (5th Cir. 1975)). The citizenship of a limited liability company (LLC) "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In the present case, the Court finds that Defendant's motion is a facial attack as Defendant relies solely on Plaintiff's complaint to support its Rule 12(b)(1) motion. Having reviewed the complaint, the Court opines that Plaintiff failed to distinctly and affirmatively allege the citizenship of any of Majestic Star's members. In his complaint, Plaintiff merely states that Majestic Star operates casinos in Illinois and Mississippi; maintains an agent for service of process in Jackson, Mississippi; conducts business in the Northern District of Mississippi; and does business in Tunica County, Mississippi as Fitz Tunica Casino and Hotel. At most, Plaintiff alleged that Majestic Star conducted business in Mississippi, but at no point in his complaint did Plaintiff ever identify or mention the citizenship of *any* members that compose the LLC that is Majestic Star. Plaintiff failed to distinctly and affirmatively allege the citizenship of the members of the LLC; his complaint fails to show that this Court has diversity jurisdiction over this cause of action.

This Court notes that "'failure to allege facts establishing jurisdiction need not prove fatal to a complaint.'" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000) (quoting *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d. Cir. 1997)). Pursuant to 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in trial or appellate courts." 28 U.S.C. § 1653. This statute "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.3d at 887 (citing *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981)). However, where the record does not indicate that diversity in all probability exists, the Court may deny an opportunity to amend. *See McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975).

Here, the record fails to indicate that the Court can exercise diversity jurisdiction over this case. In his response to Defendant's motion to dismiss, Plaintiff attaches five exhibits, the majority of which are documents obtained through the Indiana and Mississippi Secretary of State websites. Relying on these documents, Plaintiff builds his diversity argument by merely focusing on the fact that Majestic Star is an LLC that conducts business in Mississippi, maintains a registered agent in Jackson, MS, and is somehow connected to another LLC incorporated in Mississippi. Plaintiff, in this Court's opinion, was required to focus on the citizenship of *any and all* members of the named defendant, The Majestic Star Casino II, LLC. From Plaintiff's exhibits, Defendant's briefs, and the undisputed affidavit of Jon Bennet (CFO of The Majestic Star Casino **II**, LLC) provided by Defendant, this Court understands The Majestic Star Casino, LLC and The Majestic Star Casino **II**, LLC to be separate entities. As separate entities, and per the affidavit provided by Defendant, "Majestic Star II's *sole member* is Majestic Star Casino, LLC, which is *an Indiana* limited liability company." Thus, having reviewed the record, there is no indication that diversity in all probability exists. Therefore, Plaintiff will not be allowed an opportunity to amend his complaint.

## Conclusion

Therefore, this Court GRANTS Defendant's *Motion to Dismiss* [18] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A separate order shall issue this day.

SO ORDERED, this the 30th day of November, 2018.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**